Marcia Hofmann (SBN 250087)
ZEITGEIST LAW PC
25 Taylor St.
San Francisco, CA 94102
Email: marcia@zeitgeist.law
Telephone: (415) 830-6664

Attorney for Plaintiff CORA CURRIER

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| CORA CURRIER, | Case No. 3:17-cv-01799 |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF** |
| DEPARTMENT OF HOMELAND SECURITY, | |
| DEPARTMENT OF STATE, | |
| DEPARTMENT OF JUSTICE, | |
| and | |
| DEPARTMENT OF DEFENSE, | |
| Defendants. | |

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiff Cora Currier seeks the expedited processing and release of records requested from the Department of Homeland Security, Department of State, Department of Justice, and Department of Defense concerning the development and execution of travel restrictions barring nationals of several Muslim-majority countries from entering the United States. Ms. Currier is statutorily entitled to the expedited treatment she seeks.

-1-

**PARTIES**

2.      Plaintiff Cora Currier is an employee of First Look Media Works, Inc. and a staff reporter for The Intercept, an online news and journalism platform. Ms. Currier has covered national security, counterterrorism, and immigration at The Intercept since 2014. She resides in Marin County, California.

3.      Defendant Department of Homeland Security ("DHS") is a Department of the Executive Branch of the United States Government. DHS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1). Customs and Border Protection ("CBP") is a component of DHS.

4.      Defendant Department of State ("DOS") is a Department of the Executive Branch of the United States Government. DOS is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).

5.      Defendant Department of Justice ("DOJ") is a Department of the Executive Branch of the United States Government. DOJ is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).  The Office of the Attorney General, Office of the Deputy Attorney General, Office of Legislative Affairs, Office of Legal Policy, Office of Legal Counsel, Office of Public Affairs, U.S. Marshals Service, Executive Office for United States Attorneys, and Federal Bureau of Investigation are components of DOJ.

6.      Defendant Department of Defense ("DOD") is a Department of the Executive Branch of the United States Government. DOD is an "agency" within the meaning of 5 U.S.C. § 552(f)(1).

**JURISDICTION**

7.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

**VENUE AND INTRADISTRICT ASSIGNMENT**

8.      Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

9.      Assignment to the San Francisco division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in this district and division, where Ms. Currier resides and works.

## BACKGROUND

### The Executive Orders Banning Nationals of Several Muslim-Majority Countries From Entering the United States

10.     On January 27, 2017, President Trump signed Executive Order No. 13,769 entitled "Protecting the Nation From Foreign Terrorist Entry Into the United States," which took immediate effect. The executive order was issued without any notice-and-comment period or interagency review.

11.     The executive order banned nationals of Iraq, Syria, Iran, Libya, Somalia, Sudan, and Yemen from entering the United States for 90 days, suspended entry of all refugees for 120 days, and indefinitely banned Syrian refugees from entering the country.

12.     The executive order attracted intense media attention from around the world and sparked protests throughout the United States.

13.     Within days, more than a dozen lawsuits were filed across the country challenging the constitutionality of the travel restrictions. Several district courts issued temporary injunctive relief barring enforcement of Executive Order No. 13,769, including an order entered by the United States District Court for the Western District of Washington and upheld by the Ninth Circuit Court of Appeals on February 9, 2017. These courts found that the travel restrictions were motivated by a desire to ban Muslims from entering the country, and there was a substantial likelihood that the order violated the Establishment Clause. The district court injunctions remain in effect.

14.     On March 6, 2017, President Trump issued Executive Order No. 13,780, which was to become effective and revoke Executive Order No. 13,769 on March 16, 2017. Like its predecessor, the new order aimed to restrict nationals of several predominantly Muslim countries from entering the United States.

15.     Before Executive Order No. 13,780 could take effect, federal district courts in

Maryland and Hawai'i issued injunctions to block portions of it on constitutional grounds, again finding a substantial likelihood that the order violated the Establishment Clause.

16.     Litigation over both Executive Order 13,769 and 13,780 remains ongoing in courts throughout the country, including before the Fourth Circuit and Ninth Circuit Courts of Appeal. A key issue in this litigation is whether the executive orders intentionally targeted individuals based on their religion in violation of the First Amendment.

### Plaintiff's First Set of Freedom of Information Act Requests and Requests for Expedited Processing

17.     On February 1, 2017, just five days after President Trump issued Executive Order No. 13,769, Ms. Currier and her Intercept colleague Jenna McLaughlin submitted a FOIA request to DHS for records concerning the agency's analysis and implementation of the executive order from January 20, 2017 to the date of the request, specifically identifying CBP as an agency component whose records should be searched.

18.     On February 1, 2017, Ms. Currier and Ms. McLaughlin submitted a FOIA request to DOS for records about the agency's analysis and implementation of Executive Order No. 13,769 from January 20, 2017 to the date of the request.

19.     On February 1, 2017, Ms. Currier and Ms. McLaughlin submitted FOIA requests for records about the DOJ's analysis and implementation of Executive Order No. 13,769 located within the Office of the Attorney General, Office of the Deputy Attorney General, Office of Legal Counsel, Office of Legislative Affairs, and U.S. Marshals Service from January 20, 2017 to the date of the request.

20.     Ms. Currier and Ms. McLaughlin formally requested that the processing of all these requests be expedited because they pertain to information about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and were "made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II).

21.     Ms. Currier and Ms. McLaughlin also requested that the requests to DHS and DOJ components be expedited pursuant to agency regulations because they involve "[a] matter of

1    widespread and exceptional media interest in which there exist possible questions about the

2    government's integrity which affect public confidence." 6 C.F.R. § 5.5(e)(1)(iv) and 28 C.F.R. §

3    16.5(e)(1)(iv).

4          22.    By letter dated February 13, 2017, DHS acknowledged receipt of Ms. Currier and

5    Ms. McLaughlin's FOIA request and granted expedited processing.

6          23.    By letter dated February 9, 2017, DOS acknowledged receipt of Ms. Currier and

7    Ms. McLaughlin's FOIA request and granted expedited processing.

8          24.    By email dated February 13, 2017, the DOJ Office of Information Policy asked

9    whether the requesters would like a search conducted in the DOJ Office of Public Affairs in

10   response to their request. They responded that they would like such a search to be performed.

11         25.    By letter dated February 14, 2017, the DOJ Office of Legal Counsel

12   acknowledged receipt of Ms. Currier and Ms. McLaughlin's FOIA request and granted expedited

13   processing.

14         26.    By letter dated February 17, 2017, the DOJ Office of Information Policy

15   acknowledged receipt of Ms. Currier and Ms. McLaughlin's FOIA requests to the DOJ Offices of

16   the Attorney General, Deputy Attorney General, Legislative Affairs, and Public Affairs. The DOJ

17   Office of Information Policy granted expedited processing on behalf of these components.

18         27.    By email dated February 17, 2017, DHS CBP acknowledged receipt of Ms.

19   Currier and Ms. McLaughlin's FOIA request.

20         28.    By letter dated March 28, 2017, the U.S. Marshals Service acknowledged receipt

21   of Ms. Currier and Ms. McLaughlin's FOIA request and denied expedited processing. The

22   requesters appealed the denial to the DOJ Office of Information Policy by letter dated March 29,

23   2017. The DOJ Office of Information Policy reversed the decision in a letter emailed to the

24   plaintiff's counsel on April 4, 2017 and granted expedited processing.

25   //

26   //

27   //

28   //

**Plaintiff's Second Set of Freedom of Information Act Requests and
Requests for Expedited Processing**

29.    On April 3, 2017, after the issuance of Executive Order No. 13,780, Ms. Currier submitted a FOIA request to DHS for records concerning the agency's analysis and implementation of Executive Order Nos. 13,769 and 13,780 from February 1, 2017 to the date of the request. Ms. Currier specifically identified CBP and the Office of the Inspector General as agency components whose records should be searched.

30.    On April 3, 2017, Ms. Currier submitted a FOIA request to DOS for records concerning the analysis and implementation of Executive Order Nos. 13,769 and 13,780 from February 1, 2017 to the date of the request.

31.    On April 3, 2017, Ms. Currier submitted FOIA requests for records about the DOJ's analysis and implementation of Executive Order Nos. 13,769 and 13,780 located within the Office of the Attorney General, Office of the Deputy Attorney General, Office of Legislative Affairs, Office of Public Affairs, Office of Legal Counsel, Executive Office for United States Attorneys, and Federal Bureau of Investigation from February 1, 2017 to the date of the request.

32.    On April 3, 2017, Ms. Currier submitted a FOIA request to DOD for records about the agency's analysis of the impact of Executive Order Nos. 13,769 and 13,780 from January 20, 2017 to the date of the request.

33.    Ms. Currier formally requested that the processing of all these requests be expedited because they pertain to information about which there is "[a]n urgency to inform the public about an actual or alleged federal government activity," and were "made by a person primarily engaged in disseminating information." 5 U.S.C. § 552(a)(6)(E)(v)(II).

34.    Ms. Currier also requested that the requests to DHS and DOJ components be expedited pursuant to agency regulations because they involve "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 6 C.F.R. § 5.5(e)(1)(iv) and 28 C.F.R. § 16.5(e)(1)(iv).

35.    By letter dated April 4, 2017, DHS acknowledged receipt of Ms. Currier's FOIA request and granted expedited processing.

36.     By letter dated April 4, 2017, DOS acknowledged receipt of Ms. Currier's FOIA request and granted expedited processing.

37.     By letter dated April 5, 2017, the DOJ Office of Legal Counsel acknowledged receipt of Ms. Currier's FOIA request and granted expedited processing.

38.     By letter dated April 13, 2017, the DOJ Office of Information Policy acknowledged receipt of Ms. Currier's FOIA request to the DOJ Offices of the Attorney General, Deputy Attorney General, Legislative Affairs, and Public Affairs and granted expedited processing on behalf of these components.

39.     On April 7, 2017, the DOJ Executive Office for United States Attorneys informed Ms. Currier that it had denied expedited processing for her request. She appealed the denial of expedited processing on April 9, 2017. The DOJ Office of Information Policy reversed the decision in a letter emailed to the plaintiff's counsel on April 18, 2017 and granted expedited processing.

40.     By letter dated April 7, 2017, DOD acknowledged receipt of Ms. Currier's FOIA request and denied expedited processing. Plaintiff appealed the denial of expedited processing on April 11, 2017. DOD granted expedited processing on May 5, 2017.

41.     By letter dated April 27, 2017, the Federal Bureau of Investigation granted expedited processing of Ms. Currier's FOIA request.

42.     To date, even though all of Plaintiff's requests have been granted expedited processing, the agencies have not completed the processing of the requests nor informed Plaintiff of an anticipated date for the completion of the processing of the requests.

43.     Not only have Defendants failed to expedite the processing of Plaintiff's requests, the agencies have exceeded the generally applicable 20-day statutory deadline for the processing of *any* FOIA request.

44.     Plaintiff has exhausted all applicable administrative remedies for all requests.

45.     Defendants have wrongfully withheld the requested records from Plaintiff.

//

//

## CAUSE OF ACTION

### Violation of the Freedom of Information Act for
### Wrongful Withholding of Agency Records

46.     Plaintiff repeats and realleges paragraphs 1-45.

47.     Defendants have wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for the processing of FOIA requests.

48.     Plaintiff has exhausted the applicable administrative remedies with respect to Defendants' wrongful withholding of the requested records.

49.     Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested documents.

## REQUESTED RELIEF

Plaintiff prays that this Court:

A.   Order Defendants DHS, DOS, DOJ and DOD to process immediately the requested records in their entirety;

B.   Order Defendants DHS, DOS, DOJ, and DOD upon completion of such expedited processing, to disclose the requested records in their entirety and make copies available to Plaintiff;

C.   Provide for expeditious proceedings in this action;

D.   Award Plaintiff her costs and reasonable attorneys fees incurred in this action; and

E.   Grant such other relief as the Court may deem just and proper.


DATED:  May 19, 2017                    By   /s/ Marcia Hofmann
                                             Marcia Hofmann
                                             ZEITGEIST LAW PC
                                             25 Taylor Street
                                             San Francisco, CA 94102
                                             Email: marcia@zeitgeist.law
                                             Telephone: (415) 830-6664

                                             Attorney for Plaintiff CORA CURRIER

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF
CASE NO. 3:17-CV-01799