1  CHAD A. READLER
   Acting Assistant Attorney General
2
3  BRIAN STRETCH
   United States Attorney
4
   ELIZABETH J. SHAPIRO
5  Deputy Branch Director

6  MATTHEW J. BERNS (DC Bar No. 998094)
   Trial Attorney
7  (202) 616-8016
   (202) 616-8470 (Fax)
8  Matthew.J.Berns@usdoj.gov
   United States Department of Justice
9  Civil Division
   Federal Programs Branch
10 20 Massachusetts Ave., N.W.
   Washington, DC 20530

11 *Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CORA CURRIER, | Case No. 3:17-cv-01799-JSC |
| Plaintiff, | DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, DEPARTMENT OF STATE, DEPARTMENT OF JUSTICE, and DEPARTMENT OF DEFENSE, | |
| Defendants. | |

The United States Department of Homeland Security ("DHS"), Department of State ("DOS"), Department of Justice ("DOJ"), and Department of Defense ("DOD") (collectively, "Defendants") hereby answer the numbered paragraphs of Plaintiff's First Amended Complaint for Injunctive Relief ("Complaint") in the above-captioned action.

1. The first and second sentences of this paragraph consist of Plaintiff's characterization of the Complaint, to which no response is required. The third sentence of this paragraph consists of a statement of law or legal conclusion, to which no response is required.

2. Defendants lack knowledge or information sufficient to form a belief as to the allegations in this paragraph.

3. Defendant DHS admits the allegations in this paragraph.

4. Defendant DOS admits the allegations in this paragraph.

5. Defendant DOJ admits the allegations in this paragraph.

6. Defendant DOD admits the allegations in this paragraph.

7. This paragraph asserts legal conclusions regarding jurisdiction, to which no response is required.

8. This paragraph asserts legal conclusions regarding venue, to which no response is required.

9. This paragraph asserts legal conclusions regarding assignment to the San Francisco division, to which no response is required.

10. Defendants admit that the President signed Executive Order 13769, "Protecting the Nation From Foreign Terrorist Entry Into the United States," on January 27, 2017. The remaining allegations in this paragraph consist of Plaintiff's characterization of the Executive Order, which speaks for itself, and the process by which it was promulgated, to which no response is required, and do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

11. This paragraph consists of Plaintiff's characterization of Executive Order 13769, which speaks for itself and to which no response is required, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

12. This paragraph does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

13. This paragraph consists of Plaintiff's characterization of various lawsuits and judicial decisions, to which no response is required, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

14. Defendants admit that the President issued Executive Order 13780, "Protecting the Nation From Foreign Terrorist Entry Into the United States," on March 6, 2017. The remaining allegations in this paragraph consist of Plaintiff's characterization of the Executive Order, which speaks for itself, and do not set forth a claim for relief or aver facts in support of a claim to which a response is required.

15. This paragraph consists of Plaintiff's characterization of various lawsuits and judicial decisions, to which no response is required, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

16. This paragraph consists of Plaintiff's characterization of various lawsuits and judicial decisions, to which no response is required, and does not set forth a claim for relief or aver facts in support of a claim to which a response is required.

17. Defendant DHS admits that Plaintiff and Ms. McLaughlin submitted to Defendant DHS a Freedom of Information Act ("FOIA") request dated February 1, 2017. The remainder of this paragraph consists of Plaintiff's characterization of that FOIA request, which speaks for itself.

18. Defendant DOS admits that Plaintiff and Ms. McLaughlin submitted to Defendant DOS a FOIA request dated February 1, 2017. The remainder of this paragraph consists of Plaintiff's characterization of that FOIA request, which speaks for itself.

19. Defendant DOJ admits that Plaintiff and Ms. McLaughlin submitted to Defendant DOJ multiple FOIA requests dated February 1, 2017. The remainder of this paragraph consists of Plaintiff's characterization of those FOIA requests, which speak for themselves.

20. Defendants DHS, DOS, and DOJ admit that Plaintiff and Ms. McLaughlin requested expedited processing of the FOIA requests identified in paragraphs 17 through 19 above. Defendants DHS, DOS, and DOJ lack knowledge or information sufficient to form a belief as to why Plaintiff and Ms. McLaughlin requested expedited processing.

21. Defendants DHS and DOJ admit that Plaintiff and Ms. McLaughlin requested expedited processing of the FOIA requests identified in paragraphs 17 and 19 above. Defendants

DHS and DOJ lack knowledge or information sufficient to form a belief as to why Plaintiff and Ms. McLaughlin requested expedited processing.

22. Defendant DHS admits the allegations in this paragraph.

23. Defendant DOS admits the allegations in this paragraph.

24. Defendant DOJ admits the allegations in this paragraph.

25. Defendant DOJ admits the allegations in this paragraph.

26. Defendant DOJ admits the allegations in this paragraph.

27. Admitted.

28. Defendant DOJ admits the allegations in the first and second sentences of this paragraph. Defendant DOJ further admits that, upon remand from the Administrative Appeals Staff of the Office of Information Policy ("OIP"), the U.S. Marshals Service has expedited processing of Plaintiff's FOIA request to that component.[1]

29. Defendant DHS admits that Plaintiff submitted to Defendant DHS a FOIA request dated April 3, 2017. The remainder of this paragraph consists of Plaintiff's characterization of that FOIA request, which speaks for itself.

30. Defendant DOS admits that Plaintiff submitted to Defendant DOS a FOIA request dated April 3, 2017. The remainder of this paragraph consists of Plaintiff's characterization of that FOIA request, which speaks for itself.

31. Defendant DOJ admits that Plaintiff submitted to Defendant DOJ multiple FOIA requests dated April 3, 2017, which sought records from the Office of the Attorney General, the Office of the Deputy Attorney General, the Office of Legislative Affairs, the Office of Public Affairs, the Office of Legal Counsel, the Executive Office for United States Attorneys, and the Federal Bureau of Investigation. The remainder of this paragraph consists of Plaintiff's characterization of those FOIA requests, which speak for themselves.

---

[1] OIP's Administrative Appeals Staff is a separate and distinct unit within OIP which handles the adjudication of administrative appeals of initial request responses made by DOJ components.

32. Defendant DOD admits that Plaintiff submitted to Defendant DOD a FOIA request dated April 3, 2017. The remainder of this paragraph consists of Plaintiff's characterization of that FOIA request, which speaks for itself.

33. Defendants admit that Plaintiff requested expedited processing of the FOIA requests identified in paragraphs 29 through 32 above. Defendants lack knowledge or information sufficient to form a belief as to why Plaintiff requested expedited processing.

34. Defendants DHS and DOJ admit that Plaintiff requested expedited processing of the FOIA requests identified in paragraphs 29 and 31 above. Defendants DHS and DOJ lack knowledge or information sufficient to form a belief as to why Plaintiff and Ms. McLaughlin requested expedited processing.

35. Defendant DHS admits the allegations in this paragraph.

36. Defendant DOS admits the allegations in this paragraph.

37. Defendant DOJ admits the allegations in this paragraph.

38. Defendant DOJ admits the allegations in this paragraph.

39. Defendant DOJ admits the allegations in the first and second sentences of this paragraph. Defendant DOJ further admits that, upon remand from OIP's Administrative Appeals Staff, the Executive Office for United States Attorneys has expedited processing of Plaintiff's FOIA request to that component.

40. Defendant DOD admits the allegations in the first and third sentences of this paragraph. Defendant DOD further admits that Plaintiff appealed Defendant DOD's initial denial of Plaintiff's request for expedited processing, but avers that Plaintiff's appeal was dated April 9, 2017.

41. Defendant DOJ admits that the Federal Bureau of Investigation approved expedited processing of the FOIA request directed to that component, but avers that it did so pursuant to 28 C.F.R. § 16.5(e)(1)(ii).

42. Each Defendant admits that it has not yet completed processing all of the FOIA requests that Plaintiff submitted to such Defendant and that are identified in paragraphs 17 through 19 and 29 through 32 above.

43. This paragraph consists of statements of law or legal conclusions, to which no response is required.

44. This paragraph consists of statements of law or legal conclusions, to which no response is required.

45. Denied.

46. This paragraph repeats and re-alleges all preceding paragraphs. To the extent a response is deemed required, Defendants refer the Court to their responses to the preceding paragraphs.

47. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

48. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

49. This paragraph sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

The remaining paragraph of the Complaint contains Plaintiff's requested relief, to which no response is required.

Defendants hereby deny all allegations of the Complaint not otherwise specifically answered above.

| | |
|---|---|
| Date: June 26, 2017 | Respectfully Submitted,<br><br>CHAD A. READLER<br>Acting Assistant Attorney General<br><br>BRIAN STRETCH<br>United States Attorney<br><br>ELIZABETH J. SHAPIRO<br>Deputy Branch Director<br><br>/s/ Matthew J. Berns<br>MATTHEW J. BERNS<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue NW<br>Washington, DC 20530<br>(202) 616-8016<br>(202) 616-8470 (Fax)<br>Matthew.J.Berns@usdoj.gov<br><br>*Counsel for Defendants* |